IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JC MUNOZ I, DAVID TRUJILLO,
JOSHUA A. ROMERO, JUSTIN BUMGARNER,
LUIS ROSALES, ROBERT TREJO, JOSE CARO,
OSCAR HERNANDEZ, JOVON PELLERIN,
JAMES LANEY, FRANCISCO LUJAN,
ISRAEL MARQUEZ, JESUS LARRERA,

    Plaintiffs,

  v.                                                         No. CIV 14-0971 RB/SMV

ALISHA TAFOYA WARDEN, PRISON OF NM V,
JERRY ROARK DIRECTOR OF ADULT PRISONS,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiffs' civil rights complaint. The thirteen named Plaintiffs are incarcerated and appear pro se. Only Plaintiff Munoz has moved for leave to proceed in forma pauperis (Doc. 2). For reasons set out below, most of Plaintiffs' claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiffs' pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names thirteen Plaintiffs and asserts a single Claim that a number of conditions of confinement violate Plaintiffs' Eighth Amendment's protection against cruel and unusual punishment and their Fourteenth Amendment due process rights. The Claim is based on seventeen enumerated allegations of the "Prison of New Mexico['s] noncomplian[ce] with laws, policies, and procedures . . . of this State and/or Policies and Procedures set forth by this facility." In brief, the complaint alleges violations of policies regarding 1) grievances, 2) work programs, 3) commissary pricing, 4) inmate recreation time, 5) "tier" time, 6) meal time, 7) laundry, 8) meal timing, 9) inmate classification, 10) mail delivery, 11) disciplinary proceedings, 12) various types of abuse and harassment, 13) sanitation and cleaning, 14) lighting, 15) fixtures and heating, 16) medical privacy, and 17) wasteful expenditure of appropriated funds. The complaint seeks damages and equitable relief.

As a starting point, violations by prison officials of departmental and prison regulations, without more, are not actionable under 42 U.S.C. § 1983. " 'It is well established' that a violation of state law 'does not create a claim under § 1983.' A failure to follow a state statute is 'actionable only if the [alleged] actions fail to meet basic federal constitutional standards.' " *Hoffman v. Martinez*, 92 F. App'x 628, 632 (10th Cir. 2004) (quoting *Rector v. City & County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003)). In other words, "conditions complained of must be 'sufficiently serious' to implicate constitutional rights. . . . [A] prisoner must show . . . 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v.*

*Uphoff,* 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).  Furthermore, a plaintiff's pleading must allege that the defendants' actions caused an "actual injury[, which] derives ultimately from the doctrine of standing." *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  The Court reviews Plaintiffs' allegations under these standards.

Plaintiffs first allege that grievance policies are not followed and "grievances are never taken seriously."  Generally, of course, a plaintiff's dissatisfaction with grievance procedures does not give rise to a constitutional claim.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000).  The complaint contains no specific allegation of injury such as denial of access to the courts, and the Court will dismiss Plaintiffs' claim based on alleged violations of grievance procedures.

Plaintiffs' second allegation is that Defendants do not provide work programs for inmates.  Without a statutory entitlement or specific constitutional right at stake, rehabilitative programs are not secured by the Due Process Clause.  *See, e.g., Moody v. Daggett*, 429 U.S. 78, 87 n. 9 (1976); *Christensen v. Zavaras*, No. 98-1096, 1998 WL 796123, at **2 (10th Cir. Nov. 17, 1998).  Furthermore, the Constitution does not create a property or liberty interest in an inmate's prison employment, *see, e.g., Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986), or in any particular job assignment while imprisoned, *see Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).  Here, the statute, N.M. Stat. Ann. § 33-8-6 (Cum. Supp. 2014), authorizes but does not require work programs in prisons, and the Court will dismiss Plaintiffs' claim of denial of access to such programs.

The third allegation is that the prison's commissary pricing is excessive.  Plaintiff has no protected interest in the price of nonessential commissary items.  *See French v. Butterworth*, 614

F.2d 23, 25 (1st Cir. 1980); *Bagwell v. Brewington-Carr*, No. Civ.A. 97-714-GMS., 2000 WL 1239960, at *3 (D. Del. Aug 25, 2000) ("While he might not like the price which is charged for these items, the amount which he has to pay does not violate any of his constitutional rights."). The Court will dismiss this claim.

Plaintiffs' fourth allegation is for intermittent denial of the full amount of time for recreation prescribed by policies. "Although we have never expressly held that prisoners have a constitutional right to exercise, there can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment prohibited by the Eighth Amendment." *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994), *abrogated on other grounds by Lewis v. Casey,* 518 U.S. 343, 349-54 (1996); *see also Fogle v. Pierson*, 435 F.3d 1252, 1259-60 (10th Cir. 2006) (ruling that allegedly "being denied all outdoor exercise for the three years he was in administrative segregation" states an Eighth Amendment claim). "We recognize . . . that what constitutes adequate exercise will depend on the circumstances of each case, including the physical characteristics of the cell and jail and the average length of stay of the inmates." *Housley*, 41 F.3d at 599; *see also Mitchell v. Rice*, 954 F.2d 187, 191-92 (4th Cir. 1992) (applying totality of circumstances analysis to restrictions on out-of-cell exercise and noting that "penological considerations may, in certain circumstances, justify restrictions"), *quoted in Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 810 n. 8 (10th Cir. 1999). As stated by the Court of Appeals for the Tenth Circuit, "[Although] one hour per week . . . of[] exercise and fresh air is still restrictive, we cannot say, without more, that it fails to satisfy the demands of the Eighth Amendment." *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987); *but see Davenport v. DeRobertis,* 844 F.2d 1310, 1315-16 (7th Cir. 1988). The restrictions on exercise that Plaintiffs allege are far less severe than those alleged in *Fogle* and *Perkins*, and the Court will dismiss this

part of Plaintiffs' claim.

Likewise, Plaintiffs' fifth, sixth, seventh, and eighth allegations of intermittent denial of "tier" time, adequate meal times, and laundry services--as well as the thirteenth, fourteenth, and fifteenth allegations regarding sanitation and cleaning, lighting, and fixtures and heating--do not constitute "unnecessary and wanton infliction of pain [that] implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).   Furthermore, in their tenth and sixteenth allegations of overbroad restrictions on mail delivery and denial of medical privacy, Plaintiffs fail to allege violations of their constitutional protections.   No actual interception of protected mail delivery or breach of anyone's privacy is alleged.   And in none of these allegations do Plaintiffs assert an injury resulting from the deprivations.   *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).   The claim based on these alleged violations of departmental policies will be dismissed.

For the ninth allegation, Plaintiff Munoz complains of his classification to Level III custody without due process.   Prisoners have no due process rights to a particular classification, *see Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994); *Bailey v. Shillinger*, 828 F.2d 651, 652 (10th Cir. 1987), although "[t]he Supreme Court recently recognized a due process liberty interest at stake when a prisoner's reclassification imposed an 'atypical and significant hardship,' " *Muniz v. Moore*, 375 F. App'x 841, 844 (10th Cir. 2010) (citing *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005)); *and see Duffy v. Uphoff*, No. 96-8017, 1997 WL 82482, at *2 (10th Cir. 1997) (noting that Due Process may protect inmate from arbitrary changes in classification that are outrageous or shock the conscience).   Here, Plaintiff does not allege that his heightened custody level "imposed an 'atypical and significant hardship,' " *Muniz*, 375 F. App'x at 844, or amounted to an outrageous arbitrary change in classification, *see Duffy*, 1997 WL 82482, at *2.   The Court will dismiss Plaintiffs' claim for violations of the prisoner classification process.

Nor is relief available on the eleventh allegation of denial of counsel in disciplinary proceedings. "[P]risoners do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Mariani v. Stommel*, 251 F. App'x 536, 540 (10th Cir. 2007), citing *Wolff v. McDonnell,* 418 U.S. 539, 570 (1974). The Court will dismiss this claim.

The twelfth allegation primarily complains of unpleasant and hostile behavior by guards. These allegations do not support claims of constitutional violations. *See*, e.g., *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (threats); *Rivera v. Hassler*, 79 F. App'x 392, 394 (10th Cir. Oct. 24, 2003) (describing "alleged verbal abuse . . . [as] deplorable and unprofessional" but not unconstitutional). On the other hand, one factual assertion by Plaintiff Munoz may state a claim for relief. He alleges that he has been physically/sexually abused during searches. *See, e.g., Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 796 (8th Cir. 1998) ("No degree of sexual assault by a police officer acting under color of law could ever be proper."). Plaintiff fails, however, to identify a Defendant who has committed the alleged abuse. "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). He will be allowed to amend this allegation.

Plaintiffs' seventeenth allegation is that Defendants are wasteful in their expenditure of appropriated funds. "[Plaintiff Munoz] is one citizen, of perhaps many, who opposes [waste of taxpayer funds]. This type of generalized grievance, without any imminent tangible harm, cannot confer standing." *See Chrisman v. Comm'r*, 82 F.3d 371, 373 (10th Cir. 1996). This claim will be dismissed.

Of the complaint's seventeen alleged violations, only Plaintiff Munoz's allegation of physical/sexual abuse appears to survive scrutiny under § 1915(e)(2) and rule 12(b)(6). This

allegation implicates the exhaustion requirement in 42 U.S.C. § 1997e(a).  In the complaint, Plaintiff states that he has sought administrative relief on his claims and attaches an exhibit in support of this assertion.  His exhibit, however, make no mention of the alleged abuse during searches.  Because Plaintiff's exhibit contradicts the assertion of exhaustion of remedies as to this claim, he will be required to show cause why his claim of physical/sexual abuse should not be dismissed for failure to exhaust available administrative remedies.  *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  Failure to respond to this Order and show cause may result in dismissal of the complaint.

IT IS THEREFORE ORDERED that Plaintiff Munoz's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that, with the exception of Plaintiff Munoz's claim of physical/sexual abuse during searches, the Plaintiffs' claims are DISMISSED; the named Defendants and the named Plaintiffs other than Munoz are DISMISSED as parties to this action; and, within twenty-one (21) days from entry of this Order, Plaintiff Munoz may file a response identifying the unnamed officer(s) and showing cause, if any, why his physical/sexual abuse claim against the officer(s) should not be dismissed for failure to exhaust available administrative remedies.

_____
UNITED STATES DISTRICT JUDGE