IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JC MUNOZ I, DAVID TRUJILLO,
JOSHUA A. ROMERO, JUSTIN BUMGARNER,
LUIS ROSALES, ROBERT TREJO, JOSE CARO,
OSCAR HERNANDEZ, JOVON PELLERIN,
JAMES LANEY, FRANCISCO LUJAN,
ISRAEL MARQUEZ, JESUS LARRERA,

      Plaintiffs,

      v.                                    No. CIV 14-0971 RB/SMV

ALISHA TAFOYA WARDEN, PRISON OF NM V,
JERRY ROARK DIRECTOR OF ADULT PRISONS,

      Defendants.

MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION AND
DISMISSING COMPLAINT

This matter is before the Court on Plaintiff Munoz's Motion For Reconsideration (Doc. 17). For reasons set out below, the motion will be denied and the action will be dismissed.

Plaintiff's motion challenges an earlier order (Doc. 13), by which the Court dismissed most of Plaintiff's complaint and required him to show cause why the action should not be dismissed. The order did not terminate the action, *see* Fed. R. Civ. P. 59(e), 60(b), and thus Plaintiff's "motion to reconsider the district court's non-final order 'was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment' " *Guttman v. New Mexico*, 325 F. App'x 687, 690 (10th Cir. 2009) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991)). Because Plaintiff does not challenge a final judgment, "the district court is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and

60(b)," *Wagoner*, 938 F.2d at 1122 n. 2, and does not abuse its discretion in ruling on the motion unless it makes "a clear error of judgment or exceed[s] the bounds of permissible choice in the circumstances."  *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996).

As noted in the prior order, the complaint asserts a single Claim that a number of conditions of Plaintiff's confinement violate his Eighth and Fourteenth Amendment protections. The Claim consists of seventeen enumerated sub-parts based on allegations of the "Prison of New Mexico['s] noncomplian[ce] with laws, policies, and procedures . . . of this State and/or Policies and Procedures set forth by this facility."  The Court considered the substance of each sub-part and, with the exception of Plaintiff's claim of physical/sexual abuse during searches, dismissed the claims.  The order also required Plaintiff to file a response identifying unnamed officer(s) and to show cause, if any, why his physical/sexual abuse claim against the officer(s) should not be dismissed for failure to exhaust available administrative remedies.

In his motion to reconsider, Plaintiff addresses the Court's analysis of each the complaint's seventeen sub-parts.  He does not address the dismissal of the claims of other named Plaintiffs. And although he again alleges that Defendants violated departmental and State policies, he makes only conclusory assertions that conditions resulting from these infractions amounted to constitutional violations.  *See DeSpain v. Uphoff,* 264 F.3d 965, 973 (10th Cir. 2001); *Lewis v. Casey*, 518 U.S. 343, 349 (1996).   The Court concludes that denying the motion to reconsider will not amount to an abuse of discretion.

In its prior order, the Court required Plaintiff to identify a defendant and show cause why the complaint should not be dismissed.  Plaintiff's motion identifies the officer who allegedly committed physical/sexual abuse during searches.  As in the complaint, however, he does not allege that he pursued administrative remedies for this claim.   He now argues that administrative

exhaustion of this claim should be excused because "it is the Grievance Officer's duty to come and personally speak/interview all Grievant's about their claims." To the contrary, Plaintiff was required to initiate and complete the grievance process. *See Davis v. Jones*, 390 F. App'x 803, 804 (10th Cir. 2010) ("a prisoner must 'use[] all steps that the agency holds out' in 'compliance with an agency's deadlines and other critical procedural rules.' ") (citations omitted). Plaintiff does not allege that the grievance officer's failure to interview him was in response to his initiation of a formal grievance. The officer's inaction, therefore, did not amount to hindrance of the process or constructive exhaustion of remedies. The Court will dismiss this claim without prejudice and will dismiss the remainder of the complaint with prejudice.

IT IS THEREFORE ORDERED that Plaintiff Munoz's Motion For Reconsideration (Doc. 17) is DENIED, his claim of physical/sexual abuse is DISMISSED without prejudice for failure to exhaust administrative remedies, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE